

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Preston Bennett ) Docket No. 2020-02-0113
)
v. ) State File No. 13451-2020
)
Suretech Construction, et al. )
)
)
Appeal from the Court of Workers' ) Heard October 15, 2020
Compensation Claims ) via WebEx
Brian K. Addington, Judge )

---

### Affirmed and Remanded

The employer challenges the trial court's denial of its request for a medical evaluation to be performed by its doctor pursuant to Tennessee Code Annotated section 50-6-204(d)(1). The employee, a roofer, fell from the roof of a house and sustained injuries to his thoracic spine, resulting in paralysis below the T-10 level. Upon reaching maximum medical improvement, the employee obtained a medical impairment rating from a physician in Tennessee before moving to Maryland. Thereafter, the employer asked the employee to submit to an evaluation in Tennessee with a doctor of its choice. The employee refused, claiming the request was unreasonable due to his physical condition, traveling obstacles, and COVID-19 considerations. Following the employee's refusal to attend the examination, the employer filed a motion to compel the medical examination. The trial court denied the employer's motion, concluding its request was not reasonable. We affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and David F. Hensley joined.

Fredrick R. Baker and Courtney C. Hart, Cookeville, Tennessee, for the employer-appellant, Suretech Construction

Michael E. Large, Bristol, Tennessee, for the employee-appellee, Preston Bennett

### Factual and Procedural Background

On September 25, 2018, Preston Bennett ("Employee") fell from the roof of a house while working for Suretech Construction ("Employer"). He sustained injuries to his

1

thoracic spine and received emergency medical treatment from Dr. David A. Wiles, a neurosurgeon at BHMA Neurosurgery, Spine and Rehabilitation ("BHMA") in Johnson City, Tennessee. Dr. Wiles performed surgery, including a reduction and decompression of Employee's spinal cord with instrumental fusion at T9-12 for a burst fracture at T-10. As a result of his injuries, Employee was paralyzed from the T-10 level down.

Dr. Wiles continued to treat Employee following surgery but left the practice group at some point during the course of Employee's treatment. Employee continued treating with the same neurosurgical group, and on December 22, 2018, a physician's assistant, Isaac Odell, placed Employee at maximum medical improvement, stating there was "nothing further to offer [Employee] from a neurological perspective." He advised Employee to continue "ongoing rehabilitation" and provided a formal referral to pain management, instructing Employee to follow up with his office as needed. Employer provided a panel of pain management specialists, and Employee began treatment with Dr. Paul Jett in February 2019. Employee was dismissed from Dr. Jett's care in December 2019 for allegedly violating his pain management agreement.

Employee returned to BHMA on February 12, 2020, and saw another neurosurgeon in the practice, Dr. Selma Kominek. During this visit, Dr. Kominek assigned a permanent anatomical impairment rating of 100%. On February 24, Employee filed a petition for benefit determination, indicating he had moved to Maryland and needed new panels of neurosurgeons, pain management specialists, mental health professionals, and wound care specialists in that area. A Dispute Resolution Statement was issued on March 13, indicating Employer had agreed to provide the requested panels. On June 1, 2020, Employer filed a Petition for Benefit Determination requesting an examination by a physician of its choosing. Following Employee's refusal to attend an examination with Dr. Jeffrey Hazlewood in Lebanon Tennessee, Employer filed a motion to compel the medical examination. Thereafter, the trial court issued an order denying Employer's motion, concluding Employer's request was not reasonable. Employer has appealed.

**Standard of Review**

A trial court's decision regarding pretrial discovery is discretionary and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). We are required to "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly

supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted). The abuse of discretion standard does not permit us to merely substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

**Analysis**

Employer raises a single issue on appeal: whether the trial court erred in denying Employer's request for a medical evaluation to be performed by its doctor pursuant to Tennessee Code Annotated section 50-6-204(d)(1).[1] That statute provides as follows:

> The injured employee must submit to examination by the employer's physician at all reasonable times if requested to do so by the employer, but the employee shall have the right to have the employee's own physician present at the examination, in which case the employee shall be liable to the employee's physician for that physician's services.

The trial court analyzed Employer's request for the medical examination based on the guidelines set forth in *Overstreet v. TRW Commercial Steering Division*, 256 S.W.3d 626 (Tenn. 2008), noting that the request must be "reasonable" when considered "in light of all the surrounding circumstances." *See King v. Big Binder Express, LLC*, No. 2016-07-0378, 2016 TN Wrk. Comp. App. Bd. LEXIS 92 (Tenn. Workers' Comp. App. Bd. Dec. 7, 2016). We find no indication that the trial court applied an incorrect legal standard in its consideration of Employer's motion.

Similarly, there is no indication that the trial court reached an illogical conclusion or engaged in an erroneous assessment of evidence. A review of the record reveals Employee repeatedly expressed a willingness to submit to an evaluation but requested that the evaluation be scheduled closer to his home in Maryland. Employee further maintained that "requir[ing] him, a complete paraplegic, to be transported to middle Tennessee while continuing to suffer from decubitus ulcers and attached to a [colostomy] bag and catheter is not a reasonable request." Employer argued that its request for an examination was reasonable, noting in its motion it was made "within less than a month of being served with Employee's second Petition for Benefit Determination, which included Employee'[s] IME report." In its brief on appeal, Employer noted it had offered to pay for reasonable travel expenses, including additional hotel stays for Employee, and claimed Employee's "physical condition should bear no weight on the issue of reasonableness of travel, as

---

[1] In its brief on appeal, Employer failed to address the abuse of discretion standard that applies to a trial court's discretionary decisions. We conclude the test set forth in *Konvalinka* above establishes the framework for our analysis.

[Employee] is in essentially the same physical condition as when [he] voluntarily left the state in which his workers' compensation claim was actively pending." In addition, Employer maintained it was "much more unreasonable" to require a Tennessee physician to travel to another state to perform a medical evaluation, claiming that without an IME from a physician licensed to practice medicine in the state of Tennessee, it "cannot provide proof that the opinion rendered by . . . Dr. Kominek is inaccurate."[2]

The record reflects that Employee moved to Maryland to be closer to family who could assist with his care and thus avoided the necessity of moving into a nursing home. There is no evidence to suggest Employee has returned to Tennessee since moving to Maryland. Employer asserts that because Employee filed his claim in Tennessee, he should have expected to return to this state for litigation purposes. Whether Employee may be required to return for a trial is not determinative of the issue presently before us. After considering the arguments set forth by both parties, the trial court determined Employer's request for Employee to travel to Tennessee for an examination from its doctor was not reasonable under the circumstances presented. We find no evidence to suggest the trial court's findings were "illogical" or based on a "clearly erroneous" assessment of the evidence, and we conclude the result reached by the trial court was within the range of acceptable alternative dispositions. *See Lee Med., Inc.*, 312 S.W.3d at 524-25.

Finally, Employer did not establish that the trial court's reasoning caused an injustice to Employer. In his brief, Employee stated "[he] never maintained that he would not submit to an [evaluation], just that the [evaluation] be closer to his home in Maryland." The trial court did not deny Employer the right to an examination of Employee, noting that its "[o]rder does not preclude [Employer] from pursuing an [evaluation] by a physician of its choosing at a reasonable time and place." Thus, Employer's right to obtain an evaluation by a physician of its choice has not been denied; rather, the trial court concluded that the circumstances surrounding Employer's specific request were not reasonable. Consequently, we cannot conclude the court's reasoning caused an injustice to Employer.

## Conclusion

We affirm the trial court's order denying Employer's motion to compel a medical examination and remand the case. Costs on appeal are taxed to Employer.

---

[2] In its brief, Employer argues that the trial court erred in denying the motion to compel because its decision was based, in part, upon Employer's failure to show (1) why the medical evaluation of Dr. Kominek was inaccurate; and (2) why Dr. Hazlewood "couldn't travel to Maryland to evaluate [Employee]" for his workers' compensation claim injury. However, these were not the only factors considered by the trial court. In its order, the court noted that Employer also did not explain "why Dr. Hazlewood is the only physician that can accurately evaluate [Employee's] physical impairment," and the trial court referenced "the obstacles of [Employee] traveling long distances in his physical condition . . . further compounded by the threat of the current Covid-19 nationwide pandemic."

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Preston Bennett | ) | Docket No. 2020-02-0113 |
| | ) | |
| v. | ) | State File No. 13451-2020 |
| | ) | |
| Suretech Construction, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 15, 2020 |
| Compensation Claims | ) | via WebEx |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of November, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael Large<br>Donna Hale | | | | X | michael@largelaw.com<br>donna@largelaw.com |
| Fred Baker<br>Courtney Hart | | | | X | fbaker@wimberlylawson.com<br>chart@wimberlylawson.com |
| Lindsay Hall, Attorney, Subsequent Injury and Vocational Recovery Fund | | | | X | lindsay.n.hall@tn.gov |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov